IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03184-GPG

LA'RON MARSHALL,

    Applicant,

v.

J. OLIVER,

    Respondent.

---

ORDER TO FILE SUPPLEMENT TO PRELIMINARY RESPONSE

---

As part of the preliminary consideration of the Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 filed on December 26, 2014, in this action, the Court ordered Respondent to file a Preliminary Response limited to addressing the affirmative defense of exhaustion of administrative remedies. On January 16, 2015, Respondent filed a Preliminary Response.

Respondent argues that the Application should be dismissed for failure to exhaust administrative remedies because Applicant failed to employ the Federal Bureau of Prisons (BOP) administrative remedy process before filing this action. Specifically, Respondent asserts that Applicant filed four administrative remedies that relate to the disciplinary hearing officer report he is challenging, but that the appeals were dismissed as untimely and Applicant "did not submit any further administrative remedy requests to cure the deficiencies in his original filing." Respondent, however, does not address Applicant's argument, raised in the initial application and supporting documents, that his appeals were rejected as untimely due to institutional staffing

issues by the prison.  (*See* ECF No. 1 at 18).  Therefore, Respondent will be directed to file a supplement to the Preliminary Response that addresses whether prison officials made the administrative remedy unavailable to Applicant.  *See Tuckel v. Grover,* 660 F.3d 1249, 1254 (10th Cir. 2011); *Aquilar-Avellaveda v. Terrell,* 478 F.3d 1223, 1225 (10th Cir. 2007) (court must ensure that "any defects in exhaustion [are] not procured from the action or inaction of prison officials").  Respondent also should provide the Court with any documentary evidence that demonstrates whether the North Central Regional Office considered the prison staff member's memorandum explaining that the untimely submission was not Applicant's fault.  Accordingly, it is

ORDERED that **within twenty-one (21) days from the date of this Order** Respondent shall file a supplement to the Preliminary Response that complies with this Order.  It is

FURTHER ORDERED that **within twenty-one (21) days of the filing of any supplement to the Preliminary Response** Applicant may file a Reply to the supplement, if he desires.

Dated:  March 4, 2015

                                BY THE COURT:

                                s/ Gordon P. Gallagher

                                United States Magistrate Judge